## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **NOEL GARCIA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | EP-23-CV-91-DCG |
| | § | |
| **TRANSPORTATION OFFICER FIERROS,** | § | |
| | § | |
| *Defendant.* | § | |

### ORDER DISMISSING PLAINTIFF'S COMPLAINT

Noel Garcia asserts Transportation Officer Fierros violated his civil rights while he was a federal pretrial detainee at the West Texas Detention Facility (WTDF) in Sierra Blanca, Texas. Pl.'s Compl., ECF No. 5 at 3–4. His complaint is dismissed without prejudice for the following reasons.

Garcia alleges that on November 1, 2021, WTDF Transportation Officer Fierros, "acting within the scope of Federal Bureau of Prisons employment . . . deliberately applied handcuffs and leg shackle[s] to[o] tightly." *Id.* at 4. He argues Fierros used excessive force, caused him "excruciating pain," and thereafter deprived him "of medical care and treatment." *Id*. He asks for compensation. *Id*.

"To prevail on an excessive force claim, a plaintiff must establish: '(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.' " *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005)). The injury, though not necessarily significant, must be more than *de minimis*. *Id.* (citing *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

"The determination of whether a plaintiff's alleged injury is sufficient to support an excessive force claim is context-dependent and is 'directly related to the amount of force that is constitutionally permissible under the circumstances.' " *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996)). It is well-established in the Fifth Circuit that an officer's act of "handcuffing too tightly, without more, does not amount to [a claim of] excessive force." *Glenn*, 242 F.3d at 314. So, an injury caused by handcuffing, even when it results in "acute contusions of the wrist and [a] psychological injury," is considered *de minims* and will not support an excessive use of force claim. *Tarver*, 410 F.3d at 752 Indeed, "minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest [are normally insufficient to] give rise to a constitutional claim for excessive force." *Freeman*, 483 F.3d at 416 (citing *Glenn*, 242 F.3d at 314 (5th Cir. 2001) (explaining swollen and bruised wrists constitute only *de minimis* harm).

"For an episodic act claim relying on an alleged denial or delay of medical care, [a pretrial detainee] can show deliberate indifference [to a serious medical need] by demonstrating that an official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Baughman v. Hickman*, 935 F.3d 302, 309 (5th Cir. 2019) (quoting *Perniciaro v. Lea*, 901 F.3d 241, 258 (5th Cir. 2018)). But denial of medical care is only actionable if it results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

The United States Magistrate Judge to whom the Court referred this matter screened Garcia's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). R. & R., ECF No. 2 at 1; *see* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a Magistrate Judge for a report and recommendation). After completing his review, he recommended

that the Court dismiss the complaint as frivolous. *Id*. at 2 (citing *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)). He explained that to establish an excessive use of force claim, a plaintiff "must allege the handcuffing caused a greater than *de minimis* degree of physical harm." *Id*. at 3 (citing *Montes v. Ransom*, 219 F. App'x 378, 380 (5th Cir. 2007) (explaining red marks and swelling from tight handcuffs are "minor injuries [which] are inherently transient, are only *de minimis*, and are not actionable"). He added that to establish deliberate indifference to a serious medical need claim, a plaintiff must show the defendant both knew that the plaintiff faced " 'a substantial risk of serious bodily harm and disregarded that risk by failing to take reasonable measures to abate it.' " *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). He observed that, in his complaint, Garcia "alleges no injury, much less a description about any substantial risk of serious bodily harm." *Id.*

A party has fourteen days to file written objections to a magistrate judge's proposed findings, conclusions, and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report—or when a party does not file written objections—the court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Garcia responded to the report and recommendation with a motion to amend his complaint, which he dated March 24, 2023. Pl.'s Mot. to Amend, ECF No. 9. He subsequently filed a motion for additional time to submit his amended complaint, which he dated March 29, 2023. Pl.'s Mot.

for Extension, ECF No. 10.

In his motion to amend, Garcia claimed the restraints placed on him by Transportation Officer Fierros had caused cuts around his wrists, swelling to his wrists and ankles, and broken bones in both wrists. Pl.'s Mot. to Amend, ECF No. 9 at 11. He attached medical records which showed that on December 9, 2021, he was diagnosed with a "fracture . . . of right scaphoid bone of indeterminate age." Pl.'s Medical R., ECF No. 9-1 at 5. His records also established that on May 6, 2022, he was diagnosed with carpal tunnel syndrome to his upper right and left limbs. *Id.* at 7. They further showed he was given corticosteroid injections but complained "of some numbness on the radial and ulnar aspect of his hands . . . as well as some burning symptoms. *Id.* at 13. Consequently, he has provided some evidence that he may have sustained more than *de minimis* injuries on November 1, 2021.

As a result, the Court granted Garcia's motion to amend on April 11, 2023, and ordered him to file an amended complaint within 21 days. Order, ECF No. 11. It warned Garcia "that his failure to comply . . . within the time specified [could] result in the dismissal of his complaint without further notice to him." *Id.* (citing Federal Rule of Civil Procedure 41(b); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

To date, Garcia has not submitted an amended complaint. Moreover, according to Federal Bureau of Prisons records, Garcia was released from custody on June 29, 2023. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 12223-509, last visited Sep. 21, 2023). And, according to Court records, Garcia has not provided a forwarding address. Garcia acknowledged in his complaint that it was "his responsibility to advise the court of any change of address and its effective date." Pl.'s Compl., ECF No. 5 at 2. Garcia was also

4

warned when he prepared his complaint that his "[f]ailure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS [could] result in the dismissal of [his] complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure." *Id*.

Accordingly, after due consideration, the Court therefore enters the following orders:

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 2) is **REJECTED**.

**IT IS FURTHER ORDERED** that Garcia's "Civil Rights Complaint" (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and failure to advise the Court of his change of address.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **25th** day of **September** 2023.

_____
**DAVID GUADERRAMA**
**SENIOR UNITED STATES DISTRICT JUDGE**